Neal D. Bowen City Attorney Sanibel
QUESTION:
Under the amendments to the Local Government Comprehensive Planning Act and the Municipal Home Rule Powers Act contained in Ch. 77-331, Laws of Florida, may the city now proceed to adopt changes, amendments, or variances in the Sanibel land-use plan at only one hearing of the city council rather than comply with the two-hearing requirement and other requirements of the Municipal Home Rule Powers Act?
SUMMARY:
The city is not authorized to proceed to adopt changes, amendments, or variances in its land-use plan at only one hearing of the city council rather than comply with the two-hearing requirement and other requirements of the Municipal Home Rule Powers Act, notwithstanding the amendments to the Local Government Comprehensive Planning Act and the Municipal Home Rule Powers Act contained in Ch. 77-331, Laws of Florida. The one-hearing requirement applies only in cases of adoption or amendment of the future land-use element of a comprehensive plan under ss.163.3161-163.3211, F. S.
The background for your request is as follows. The Local Government Comprehensive Planning Act of 1975, ss.163.3161-163.3211, F. S. 1975, requires each county and each municipality of the state to adopt a comprehensive plan, the minimum requirements of which are set forth in the act. Section163.3167, F. S. Prior to the 1977 legislative session and adoption of Ch. 77-331, Laws of Florida, s. 163.3184 provided that the local governing body `may in a manner prescribed by law adopt the proposed comprehensive plan or element or portion thereof or adopt it with changes or amendments.' Section 163.3187 provided prior to amendment that amendments to a proposed comprehensive plan `shall be as for the original adoption of the plan or element or portion thereof . . . .' It appears from your letter that Sanibel has already fully complied with the act and that a plan is in effect. I assume that adoption was by ordinance and that, hence, amendments to the plan would also be effected by ordinance. The Legislature has prescribed by law the procedure to be followed by municipalities in enacting ordinances. Section 166.041(3). Therefore, I also assume that Sanibel has followed the procedures set forth therein in enacting the ordinances and amendments thereto since a municipality, of course, may not act in a contrary manner except as an exception or authorization to proceed differently is provided by the Legislature. See Alsop v. Pierce,19 So.2d 799, 805 (Fla. 1944). Section 166.041(3)(a), F. S., sets forth the procedures for adoption of ordinances including requirements for two hearings and notice by newspaper. Prior to its amendment by Ch. 77-331, it specifically exempted from its requirements ordinances which rezone private real property or which deal with the land-use element of a comprehensive plan. The section further operated to prohibit the adoption of emergency ordinances which enact or amend a land-use plan and to require ordinances which deal with the land-use element of a comprehensive plan to be enacted under the procedures prescribed in s. 163.318(3), F. S., (now repealed).
Section 163.3181(3)(a), F. S. (1976 Supp.), prior to its repeal by Ch. 77-331, governed the procedures to be followed in noticing and holding public hearings regarding the enactment of an ordinance affecting the land-use element of a comprehensive plan when total land area to be affected thereby was less than 5 percent of the total land area of the governmental unit. It required only one duly noticed and held public hearing prior to adoption of the ordinance with notice sent individually to each property owner who stood to be affected by the proposed ordinance. See discussion of these requirements in AGO 077-53.
Chapter 77-331, Laws of Florida, has amended or repealed each of the sections referred to above. Section 166.041 continues to provide the procedures applicable in general to adoption of municipal ordinances. However, these requirements are now subject only to the exception stated in newly amended s. 166.041(3)(c), pertaining to enactment of ordinances `initiated by the governing body or its designee which rezone private real property.' A separate procedure is provided for adoption of such enactments.Cf. AGO 076-224. The exception for ordinances dealing with the land-use element of a local government comprehensive plan has been deleted. Accordingly, the provision of s. 166.041(3)(c), F. S. (1976 Supp.), as it stood prior to amendment, that the procedure for enacting such ordinances was to be that set forth in s.163.3181(3), has also been repealed, as has s. 163.3181(3) itself. Hence, s. 166.041(3)(a) now provides the procedure for enacting local ordinances [retaining the provision for adoption of emergency ordinances under s. 166.041(3)(b)] with the only exception being that contained in amended s. 166.041(3)(c). There are no other exceptions provided. I should note that s. 125.66, F. S. (1976 Supp.), which relates to enactment procedures for county ordinances, also contained the exception for land-use ordinances enacted pursuant to the planning act, providing that the procedures set forth in s. 163.3181(3) were to be followed by the counties in enacting such ordinances. This exception was also repealed by Ch. 77-331, Laws of Florida.
Section 163.3184 dealing with adoption of comprehensive plans or elements thereof and s. 163.3187 providing the amendment procedure were also amended by Ch. 77-331. Section 163.3184 now provides:
 (7)(a) The procedure for adoption of a comprehensive plan or element or portion thereof, except for the future land use plan element, shall be by not less than a majority of the total membership of the governing body in a manner prescribed by law. (Emphasis supplied.)
The future land-use plan element, when it involves less than 5 percent of the total land area of the local government unit, is to be adopted pursuant to s. 163.3184(7)(b), providing:
 1. The governing body shall direct the clerk of the governing body to notify by mail each real property owner the use of whose land the governmental agency will restrict or limit by enactment of the proposal and whose address is known by reference to the latest ad valorem tax records. The notice shall state the substance of the proposal as it affects that property owner and shall set a time and place for one or more public hearings on such proposal. Such notice shall be given at least 30 days prior to the date set for the public hearing, and a copy of such notice shall be kept available for public inspection during regular business hours of the office of the clerk of the governing body.
 2. The governing body shall hold a public hearing on the proposal and may, upon the conclusion of the hearing, adopt the proposal. (Emphasis supplied.)
Section 163.3187 has been amended to read thusly:
 Amendment of adopted comprehensive plan. — The procedure for amendment of an adopted comprehensive plan or element or portion thereof, other than for a future land use plan element or portion thereof involving less than 5 percent of the total land area of the local governmental unit, shall be as for the original adoption of the comprehensive plan or element or portion thereof set forth in s. 163.3184. The procedure for emendment of the future land use plan element or portion thereof which involves less than 5 percent of the total land area of the local governmental unit shall be the same as the procedure provided in s. 163.3184(7)(b).
As can be seen, then, the adoption of, and amendments to, a comprehensive plan when such is accomplished by ordinance, are to be enacted, with only one exception, pursuant to the procedures set forth in s. 166.041 as discussed above. However, the exception, the future land-use plan element, may be adopted or amended [subject to the notice requirements of s.163.3184(7)(b)1.] at one hearing of the council so long as less than 5 percent of the total land area of the governmental unit is involved. Section 163.3184(7)(b)2. Specifically, you inquire as to whether this procedure may be used to process amendments or changes (and applications therefor) in the Sanibel land-use plan. There is no exception to the mandate of ss. 163.3184(7)(a) and163.3187 that enactment or amendment of a plan be accomplished `in a manner prescribed by law,' (e.g., pursuant to ordinances enacted under s. 166.041[3]) for any element of the plan other than future
land-use plan elements. You point out in your letter that the language of the procedure outlined in amended s. 163.3184(7)(b) is similar, with several major exceptions, to the procedure discussed above as set forth in s. 163.3181(3)(a) (now repealed) for enactment of ordinances dealing with the land-use elements of the comprehensive plan except that reference to the `proposed ordinance' are replaced by references to the `proposal.' You appear, then, to inquire essentially whether the procedures set out in newly enacted s. 163.3184(7)(b)2. effectively enlarge the scope of repealed s. 163.3181(3)(a) and may be used whenever the city adopts a `proposal' involving less than 5 percent of the total land area of the city, e.g., a variance. Since the `proposal' referred to by the section can logically refer only to a proposal for adoption of a, or (by virtue of s. 163.3187) amendment of a previously adopted, `future land use element or portion thereof, which involves less than 5 percent of the total land area of the governmental unit,' your question is answered in the negative.
I therefore conclude that the procedures set forth in s.166.041(3)(a) apply to the adoption of a, or amendment of a previously adopted, comprehensive plan or any element or portion thereof except for the adoption of a future land-use element of the plan (concerning less than 5 percent of the total land area of the governmental unit) or an amendment of an adopted future land-use element (concerning less than 5 percent of the total land area of the governmental unit) in which case the procedures contained in s. 163.3184(7)(b)2. apply.
In light of my conclusion in this matter, discussion of the related issues raised in your letter appears unnecessary.
Prepared by: Frank A. Vickory, Assistant Attorney General